UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY M. WEBBER, | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )   No. 2:15-cv-385-JDL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|         Defendant | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge (i) violated 20 C.F.R. § 404.1512(b) and agency policy by having expert James Claiborn, Ph.D., testify at the outset of her hearing and then excusing him, as a result of which he neither heard her testimony nor was provided a summary of it, (ii) deprived her of her right to develop the medical evidence and to obtain a full and fair hearing by refusing her request to postpone her hearing, (iii) erred in failing to assign any weight to a Veterans Administration ("VA") disability ratings decision, (iv) erred in failing to call a medical expert at hearing to address the applicability of several of the so-called "Listings," Appendix 1 to 20 C.F.R. Part 404, Subpart

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 18, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

P, and (v) made a flawed credibility determination. *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 13) at 4-16. I conclude that remand is warranted on the basis of the administrative law judge's failure to address the VA disability ratings decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, Finding 1, Record at 23; that she had severe impairments of post-traumatic stress disorder ("PTSD"), depressive disorder, substance abuse and/or dependence, degenerative disc disease of the lumbar spine, peripheral neuropathy, and right hip bursitis, Finding 3, *id.*; that she had no impairment or combination of impairments that met or medically equaled the criteria of any of the Listings, Finding 4, *id.* at 24; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she needed to be allowed to alternate between sitting and standing every 30 to 60 minutes, could occasionally operate foot controls, could never climb ladders, ropes, or scaffolds or crawl, could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, needed to avoid unprotected heights, dangerous machinery, and more than occasional exposure to vibration, could understand and carry out one- and two-step directions and detailed but uninvolved written or oral instructions involving a few concrete variables in or from standardized situations, needed to avoid work involving a variety of instructions or tasks, and could not interact with the public or work in crowds, Finding 5, *id.* at 25; that, considering her age (32 years old, defined as a younger individual, on her alleged disability onset date, June 1, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 28;

and that she, therefore, had not been disabled from June 1, 2010, her alleged onset date of disability, through the date of the decision, April 22, 2015, Finding 11, *id*. at 29.  The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing.  20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987).  To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings.  20 C.F.R. § 404.1525(c)(3).

To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

## I. Discussion

### A. Basis for Remand: Handling of VA Disability Ratings Decision

The plaintiff, a veteran of the Gulf War, *see* Record at 341, was determined by the VA as of October 30, 2014, to have PTSD with alcohol and opioid dependence that was 70 percent disabling, right hip bursitis that was 10 percent disabling, and mucoid degeneration of the medial meniscus of the right knee that was 10 percent disabling. *See id.* at 341-42. Her PTSD disability rating was based on her (i) difficulty in adapting to stressful circumstances, understanding complex commands, and establishing and maintaining effective work and social relationships, (ii) occupational and social impairment with reduced reliability and productivity, (iii) panic attacks, (iv) chronic sleep impairment, (v) anxiety, (vi) suspiciousness, (vii) depressed mood, and (viii) mild memory loss. *See id.* at 343. She was determined not to be entitled to benefits for individual unemployability based on the opinion of a VA examiner that she was able to work at a limited physical job and full time in a sedentary position and a VA mental health examination revealing that her "symptoms only cause reduced reliability and productivity but do not cause total and occupational impairment." *Id.* at 350.

The administrative law judge omitted any mention of the VA disability ratings decision. *See id.* at 21-29.

The plaintiff correctly notes that, in *Pinkham ex rel. Pinkham v. Barnhart*, No. 03-116-B-W, 2004 WL 413306 (D. Me. Mar. 3, 2004) (rec. dec., *aff'd* Apr. 5, 2004), this court held that a mere mention of a VA disability ratings decision is insufficient, requiring remand. *See* Statement of Errors at 11; *Pinkham*, 2004 WL 413306, at *4. The court explained:

> While a determination by another government agency that a claimant is disabled is not binding on the commissioner, every federal court of appeals that has considered the issue has held that a determination of disability made by the Veterans' Administration is entitled to some weight in determining a claim for Social Security benefits. . . . As one court has noted specifically in this regard, a passing reference to another agency's disability finding or a perfunctory rejection of it will not suffice. In that case, as in this one, there was no indication of what weight was given to the Veterans' Administration's disability determination, or even that it was considered at all.

*Pinkham*, 2004 WL 413306, at *4 (citations and internal punctuation omitted).

The same is true in this case, warranting remand.

In her brief and through counsel at oral argument, the commissioner conceded the error but argued that it was harmless for several reasons. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 11-13.[2] She noted that the administrative law judge seemingly had considered the VA disability ratings decision, having questioned the plaintiff at hearing about her VA benefits, *see id*. at 11; Record at 78-79, 85, had explicitly considered and accorded some weight to a June 2014 opinion of a VA examiner, on which the VA decision was partly based, that the plaintiff could do work that did not require heavy lifting, pushing, or pulling, *see* Opposition at 11; Record at 27, 342, 550, and had relied on opinions of agency examining and nonexamining consultants who had expressly considered the VA decision, *see* Opposition at 11-12; Record at 27, 137, 169, 462. She also observed that, in this case, the VA had determined that the plaintiff was not totally disabled or unemployable, and that the plaintiff has not identified specific limitations omitted as a result of failing to give some weight to the VA decision. *See* Opposition at 10; Record at 350; Statement of Errors at 11-12.

---

[2] At oral argument, counsel for the commissioner also conceded that the failure to explain the weight given to the VA decision violated Social Security Ruling 06-03p ("SSR 06-03p"), which requires that administrative law judges both consider, and explain the weight given to, disability decisions of other agencies. *See* SSR 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2015), at 334.

5

As the commissioner points out, *see* Opposition at 12, this court has held in different contexts that an administrative law judge's reliance on opinions of agency consultants who have considered certain evidence renders a failure to address that evidence harmless, *see, e.g., Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *3 (D. Me. May 8, 2014) (failure to explain how decision accounted for effects of obesity); *Golfieri v. Barnhart*, No. 06-14-B-W, 2006 WL 3531624, at *5 (D. Me. Dec. 6, 2006) (rec. dec., *aff'd* Dec. 29, 2006) (failure to address opinion of examining consultant).  However, it has never extended that analysis to a failure to address a VA disability ratings decision. It did note, in *Smith v. Colvin*, No. 2:13-CV-00066-JAW, 2014 WL 220721 (D. Me. Jan. 21, 2014), that two agency reviewing psychologists had taken a VA decision into account in drawing conclusions that supported the administrative law judge's decision. *See Smith*, 2014 WL 220721, at *3.  However, it did so in the context of holding that the administrative law judge's handling of the VA decision was adequate.  *See id*. (rebuffing claimant's argument that administrative law judge had failed to accord some weight to VA decision, made only a passing reference to it, and perfunctorily rejected it).

At oral argument, I queried what would be left of *Pinkham* if the court adopted a harmless error rule.  Counsel for the commissioner stated that, as in the context of other rules, the *Pinkham* rule would remain, but the court would consider on a case-by-case basis whether any error in failing to apply it was harmless.  She clarified that the commissioner did not seek a ruling that a *Pinkham* error is harmless any time that an administrative law judge relies on opinions of agency consultants who have reviewed a VA disability ratings decision, but rather in the totality of circumstances presented here.

Nonetheless, I agree with the plaintiff that *Pinkham* draws a bright-line rule: a failure to meet its standard requires remand.  *See Pinkham*, 2004 WL 413306, at *4; *see also, e.g., Flannery*

6

*v. Barnhart*, No. 06-37-B-W, 2006 WL 2827656, at *2 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 20, 2006) (remand warranted when administrative law judge cursorily dismissed VA disability ratings decision on the basis that the disability evaluation process used by the Social Security Administration differs from that used by the VA). The administrative law judge's complete failure to address the plaintiff's VA disability ratings decision requires remand.

### B. Other Points

#### 1. Prevention of Psychological Expert from Hearing Plaintiff's Testimony

At the outset of the plaintiff's hearing, the administrative law judge explained that she intended to call Dr. Claiborn, take his testimony, dismiss him, and proceed with the rest of the hearing. *See* Record at 41. The plaintiff was represented by different counsel at hearing, who objected on the basis that Dr. Claiborn should hear his client's testimony. *See id*. The administrative law judge responded:

> I understand that's your request, but Dr. Cla[i]born[] is not here to examine [the plaintiff]. [He] is here to testify about medical records that are [i]n the file and that is why I prefer to take him first.

*Id*. The plaintiff's counsel renewed his objection, stating that, while he agreed that Dr. Claiborn was not there to diagnose his client, records do not tell one everything, and his experience had been that experts frequently have questions based on claimants' testimony. *See id*. at 41-42. He suggested, as a compromise, that if Dr. Claiborn had questions, the plaintiff be permitted to testify based on whatever clarification he might request. *See id*. at 42. The administrative law judge again overruled the objection but agreed to ask Dr. Claiborn if he required any additional information. *See id*. She did so, inquiring whether Dr. Claiborn had sufficient evidence to form an opinion regarding the plaintiff's medical status. *See id*. at 44. He said that he believed he did. *See id*.

The plaintiff argues that this procedure violated both 20 C.F.R. § 404.1512(b) and agency policy, as set forth in Social Security Administration, Hearings, Appeals, and Litigation Law Manual ("HALLEX") § I-2-6-70(B) (mistakenly cited as section I-2-5-70(B)). *See* Statement of Errors at 4-8.

On the first point, she notes that section 404.1512(b) defines "evidence" to include both a claimant's testimony and "opinions expressed by medical experts or psychological experts that we consult based on their review of the evidence in your case record." *Id*. at 4-5; 20 C.F.R. § 404.1512(b)(1)(iii) & (viii). She contends that because subsection (iii) defines "evidence" to include a claimant's testimony and subsection (viii), in her view, requires experts to review all evidence in a case record, the regulation mandates that a medical or psychological expert hear a claimant's testimony before providing an opinion. *See* Statement of Errors at 5. She acknowledges that she can find no authority so construing this regulation but contends that it is clear on its face. *See id*. at 6-7.

She adds that Dr. Claiborn's testimony that he had sufficient information to provide an opinion does not render the error harmless, both because section 404.1512 mandates that an expert hear a claimant's testimony before expressing opinions and because Dr. Claiborn could not have known without hearing her testimony whether it might have affected his opinions. *See id*. at 6.

However, as the commissioner contends, *see* Opposition at 3, the regulation at issue cannot fairly be read on its face to impose an obligation that a medical or psychological expert hear a claimant's testimony before providing an opinion. Rather, it simply defines what constitutes evidence. As she points out, *see id.*, whereas 20 C.F.R. § 404.1520(a)(3) requires that an administrative law judge "consider *all* evidence in [the] case record[,]" 20 C.F.R. § 404.1520(a)(3)

8

(emphasis added), section 404.1512(b)(1)(viii) does not expressly state that a medical or psychological expert must review the entirety of the record, *see id*. § 404.1512(b)(1)(viii).

Beyond that, as the commissioner notes, *see* Opposition at 3, 5, other regulations presume that experts' familiarity with the record will vary, *see* 20 C.F.R. § 404.1527(c)(3) & (e)(2)(ii)-(iii) (factors relevant to the weighing of opinions of medical or psychological experts include "the degree to which these opinions consider all of the pertinent evidence in your claim"), and clarify that an administrative law judge retains discretion to order the presentation of evidence at hearing, *see id*. § 405.320(b) ("The administrative law judge will decide the order in which the evidence will be presented."); *id*. § 404.944 ("The administrative law judge may decide when the evidence will be presented and when the issues will be discussed [at a hearing].").

As the commissioner points out, *see* Opposition at 3, in *Parkes v. Astrue*, No. 1:11-cv-99-NT, 2012 WL 113307 (D. Me. Jan. 11, 2012) (rec. dec., *aff'd* February 27, 2012), this court rebuffed a claimant's argument that opinions of agency nonexamining consultants were fatally flawed because they did not have the benefit of review of evidence that included her testimony at hearing. The court explained:

> [A] claimant's testimony is never available to the state agency physician reviewers, whose work is done at an earlier stage of the process of reviewing applications for benefits. If a claimant could require the commissioner to adopt her own testimony about the extent and effect of her impairments whenever that testimony conflicted with the findings of physicians who reviewed her medical records for the state disability service, there would be little role for such medical review. The [claimant] understandably cites no authority in support of this proposition.

*Parkes*, 2012 WL 113307, at *2. While, by contrast, experts called to testify at claimants' hearings typically *do* hear claimants' testimony, the rationale that a claimant cannot require an expert to adopt her own testimony applies in that context, as well.

9

Finally, my own research has unearthed one case considering an argument similar to that of the plaintiff, *Duncan v. Astrue*, No. 08-2144-JWL, 2009 WL 1254737 (D. Kan. May 5, 2009). Although, in *Duncan*, the claimant evidently did not rely on section 404.1512(b), the case is instructive in that the court concluded that "[t]he regulations do not require the ME [medical expert] to hear the testimony of the claimant." *Duncan*, 2009 WL 1254737, at *5. It reasoned that, because a medical expert is a "'nonexamining source,'" defined by 20 C.F.R. §§ 404.1502 and 416.902 as an "'acceptable medical source who has not examined [the claimant] but provides a medical or other opinion[,]'" the purpose of having a medical expert "is to seek the expert medical opinion of a source who has reviewed the medical record, and may provide medical advice to the ALJ [administrative law judge]." *Id.*

The plaintiff's HALLEX argument likewise is unavailing. The provision on which she relies states, in relevant part:

> The ME [medical expert] may attend the entire hearing, but this is not required. If the ME was not present to hear pertinent testimony, such as testimony regarding the claimant's current medications or sources and types of treatment, the ALJ will summarize the testimony for the ME on the record.

HALLEX § I-2-6-70(B).

The plaintiff observes that, because the administrative law judge called Dr. Claiborn first and then dismissed him, she could not possibly have summarized any pertinent testimony for him. *See* Statement of Errors at 7-8. However, as the commissioner pointed out in her opposing brief, *see* Opposition at 4-5, the plaintiff failed in her statement of errors to identify any particular testimony that she contended should have been summarized, *see* Statement of Errors at 7-8. The commissioner correctly noted that, in *Westbrook v. Colvin*, Civil Action No. 3:14-CV-1857-L., 2015 WL 4979022 (N.D. Tex. Aug. 19, 2015), the United States District Court for the Northern District of Texas found no violation of HALLEX § I-2-6-70 when the medical expert, who did not

10

hear the claimant's testimony, already was aware of pertinent information such as current medications and sources and types of treatment.  *See* Opposition at 4-5; *Westbrook*, 2015 WL 4979022, at *6.

At oral argument, the plaintiff's counsel asserted that "pertinent" testimony necessarily must include a claimant's testimony regarding her symptoms, severe impairments, and functional limitations, pointing to a number of specific problems to which his client testified, including that her PTSD caused nightmares, affected her ability to function at work, causing her to become off task and even to dive for cover if she heard loud noises, and necessitated that she have a service dog with her at all times.  *See* Record at 81-82, 84-85, 99-101, 105-06.  He argued that this testimony was not adequately conveyed in the treatment records.

Nonetheless, as counsel for the commissioner rejoined, for several reasons, the plaintiff falls short of demonstrating entitlement to remand on the basis of the asserted HALLEX violation. First, while the plaintiff did object at the outset of the hearing to the administrative law judge's ordering of the testimony, *see id*. at 41-42, she did not renew the objection after she testified or attempt to identify to the administrative law judge any pertinent testimony that Dr. Claiborn had missed, *see id*. at 131-32.  Second, she did not identify any pertinent testimony in her statement of errors, doing so for the first time at oral argument.  *See* Statement of Errors at 4-8.  Third, at no time has the plaintiff explained how knowledge of her testimony could have changed Dr. Claiborn's opinion of the scope of her mental limitations.

In response to the second point, the plaintiff's counsel noted at oral argument that his client had summarized the symptoms to which she testified at pages 2-3 of her statement of errors, providing record citations therein.  Yet, those citations are all to portions of the medical record, *see id.* at 2-3, which Dr. Claiborn reviewed, *see* Record at 44.  The plaintiff, hence, falls short of

11

identifying pertinent, non-cumulative testimony that Dr. Claiborn was required either to hear or have summarized.

In any event, even assuming that there was a HALLEX violation, it was at most a harmless error, as the plaintiff has not demonstrated how it was outcome-determinative. *See Westbrook*, 2015 WL 4979022, at *6; *see also, e.g., York v. Colvin*, No. 1:13-cv-00311-JDL, 2014 WL 4181616, at *7 (D. Me. Aug. 21, 2014) (noting that this court has adopted the "Fifth Circuit approach requiring the social security administration to follow its own internal procedures, *once the claimant shows that she was prejudiced* by the agency's failure to follow a particular rule set forth in HALLEX") (citation and internal quotation marks omitted) (emphasis added).[3]

## 2. Denial of Request To Postpone Hearing

The plaintiff next argues that the administrative law judge violated her duty to fully and fairly develop the record when she denied a February 13, 2015, request to postpone the plaintiff's March 25, 2015, hearing. *See* Statement of Errors at 8-11; HALLEX § I-2-6-56 ("ALJs have a duty to ensure that the administrative record is fully and fairly developed.").

The plaintiff contends that, pursuant to the so-called Wounded Warriors program, through which military service members receive expedited processing of disability claims, the agency's Portland, Maine, office expedited her hearing request without seeking her consent to do so and then wrongly denied her request to delay the hearing. *See* Statement of Errors at 8-11. In her

---

[3] The plaintiff also contended, in her statement of errors, that the provision of summaries of testimony by any judge for a witness does not comply with due process. *See* Statement of Errors at 8. At oral argument, her counsel acknowledged that his client had a full opportunity to be heard. That is the essence of due process. *See, e.g.*, *Shorey v. Astrue,* No. 1:11-cv-414-JAW, 2012 WL 3475790, at *8 (D. Me. July 13, 2012) (rec. dec., *aff'd* Aug. 14, 2012) (The deprivation "of an opportunity to be heard at a meaningful time and in a meaningful manner . . . is the essence of a due process claim.") (citation and internal quotation marks omitted). In any event, even had there been a due process violation, remand is not warranted unless resultant prejudice is shown. *See, e.g., Lewis v. Astrue,* No. 06-121-B-W, 2007 WL 2021912, at *5 (D. Me. July 11, 2007) (rec. dec., *aff'd* Aug. 15, 2007). For the reasons discussed above, no such showing has been made here.

February 13, 2015, letter, she explained that she had relocated from North Carolina to Maine in 2013, her psychiatrist was moving out of state, and she had just started treating with a new therapist. *See* Record at 235-36. She sought a six-month postponement of the hearing to allow her to develop the record further by submitting treatment records of her new therapist and to find, and submit records of, a new psychiatrist. *See id*. She asserts that, as a result of the denial of her request for postponement of the hearing, the Wounded Warriors program, which is designed to help wounded veterans, punished rather than aided her. *See* Statement of Errors at 10.

As the commissioner points out, *see* Opposition at 8-9, at the outset of the plaintiff's hearing, her counsel raised the issue of the state of her mental health records, *see* Record at 40-41. He noted that, while he had submitted the first couple of records from the plaintiff's new therapist, it was "fairly early on in the relationship" and, "when I look at the case, thinking about opinion evidence, I don't have a psychiatrist I can get that from and the therapist is only just starting out with her patient." *Id*. at 41. He then added, "I understand that after I requested some additional time, you were able to arrange for Dr. [Claiborn] to be here. So, that may obviate the problem." *Id*. At the conclusion of the hearing, he did not indicate that Dr. Claiborn's presence had not obviated the problem or ask that the record be held open to receive additional evidence. *See id*. at 131-32.

The commissioner correctly notes that when a claimant is represented, the administrative law judge "should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored." Opposition at 8 (quoting *Faria v. Commissioner of Soc. Sec.,* No. 97–2421, 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998) (citation and internal quotation marks omitted). In this case, the plaintiff's counsel did not indicate, at the conclusion of the hearing, that there was an ongoing problem that required a remedy. Nor

did the plaintiff submit additional evidence to the Appeals Council or this court, both of which are empowered to remand on the basis of the submission of such evidence if certain criteria are met. *See, e.g.*, 42 U.S.C. § 405(g) (sixth sentence); 20 C.F.R. § 404.976(b) (Appeals Council).

In any event, as the commissioner argues, *see* Opposition at 8, claimants seeking remand on this basis must show that they were prejudiced by an asserted failure to develop the record adequately, *see, e.g., Bard v. Astrue*, No. 1:12-cv-22-NT, 2012 WL 5258197, at *2 (D. Me. Sept. 28, 2012) (rec. dec., *aff'd* Oct. 23, 2012) (to warrant remand on basis of failure to develop record adequately, claimant must show "that the missing evidence was significant and its absence was harmful to [her] claim"). The plaintiff makes no such showing, merely speculating that she might have obtained opinion evidence from her new therapist and/or psychiatrist that might have made a difference to her claim.

### 3. Failure To Obtain Medical Expert Testimony on Listings

The plaintiff next seeks remand on the basis that the administrative law judge failed to call a medical expert to testify at hearing whether her physical impairments equaled Listings 1.02(A) (major dysfunction of a joint involving hip, knee, or ankle), 1.04 (disorder of the spine resulting in compromise of a nerve root), and/or Listing 11.14 (peripheral neuropathies). *See* Statement of Errors at 12-13. She argues that the explanation given by agency nonexamining consultant Richard T. Chamberlin, M.D., for his RFC opinion "raised the very real question" of whether one of those Listings was equaled in that Dr. Chamberlain stated that she had right lower extremity radiculopathy, proximal limb weakness, and needed to use a cane for occasional community ambulation. *See id.* at 13; Record at 172-73. She asserts that this was reversible error because testimony by a medical expert that her impairments equaled any of those Listings likely would have resulted in a favorable decision at Step 3. *See* Statement of Errors at 13.

As the commissioner points out, *see* Opposition at 15, Dr. Chamberlin did expressly consider the applicability of Listing 1.04 as well as Listing 11.08, which pertains to spinal cord or nerve root lesions, *see* Record at 171. The administrative law judge gave considerable weight to the Chamberlin opinion, *see id*. at 27, and the plaintiff does not explain why Dr. Chamberlin's direct consideration of Listing 1.04, or his implicit finding that Listings 1.02(A) and 11.14 were not even implicated, did not suffice. *See* Statement of Errors at 12-13.

In any event, a claimant bears the burden of identifying evidence that corresponds to, or is equal in severity to, all criteria of a Listing. *See, e.g., Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). The plaintiff has not set forth the criteria of the Listings she cites, let alone explained how the medical evidence arguably corresponds to each of those criteria. *See* Statement of Errors 12-13. For that reason alone, remand is unwarranted on the basis of this point of error. *See, e.g., Burnham v. Social Sec. Admin. Comm'r*, No. 1:11-cv-00246-GZS, 2012 WL 899544, at *3 (D. Me. Mar. 15, 2012) (rec. dec., *aff'd* Apr. 3, 2012) (a clamant cannot show that remand is warranted, notwithstanding deficiencies in administrative law judge's Step 3 explanation, if she fails to identify evidence corresponding to each requirement of a Listing).

### 4. Challenge to Credibility Determination

The plaintiff finally complains that the administrative law judge's credibility determination is flawed, warranting remand. *See* Statement of Errors at 14-16. "The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987). The plaintiff fails to provide a persuasive reason for disturbing the credibility determination made here.

The administrative law judge found the plaintiff's allegations "not entirely credible" for a host of reasons, among them that:

1. Objective medical findings did not refute the conclusion that she had the physical RFC set forth in the decision, and her reports regarding her musculoskeletal problems were sometimes at odds with her allegations of disability. *See* Record at 25.

2. Clinical observations of her mental status and her own statements regarding her psychological state were not entirely consistent with her allegation that she had been chronically disabled by depression and anxiety since 2010. *See id*. at 26.

3. Her chronic noncompliance with treatment and reports of improvement when she followed prescribed treatment detracted from the credibility of her claim of disability. *See id*.

4. Other factors undermined the credibility of her assertions regarding her functional ability, including the fact that she missed some therapy sessions in December 2012 because she was attending job interviews, her statement in February 2013 that she was able to drive 13 hours one way to attend the funeral of her brother-in-law, indications in VA records dated March 2013 that she sought assistance with finding employment, repeated indications that she was "struggling financially" and lacked money for items such as transportation, a computer, and paints, suggesting that secondary gain may have been a motivation in her application for benefits, and the fact that three-and-a-half years elapsed between her alleged onset date of disability and her disability application, raising "doubt about her claim of disability." *Id*. at 27 (citations and internal quotation marks omitted).

The administrative law judge made specific findings and cited record evidence in support of every one of these points. *See id*. at 25-27.

The plaintiff first challenges one of several specific findings made in support of the first point: that, two weeks after undergoing an L4-5 laminectomy in March 2012, she reported complete resolution of her radicular pain and only minimal back discomfort and was noted to be neurovascularly intact with no strength deficits. *See* Statement of Errors at 14; Record at 25. She argues that this conflicted with the opinion of Dr. Chamberlin that, in the wake of the surgery, she suffered from severe impairments of degenerative disc disease and spinal cord or nerve root lesions. *See* Statement of Errors at 14.

As the commissioner points out, *see* Opposition at 17, the plaintiff ignores the fact that the administrative law judge acknowledged that she later experienced a return of back and right leg pain, *see* Record at 25-26, gave great weight to the Chamberlin opinion except to the extent that she assessed an even greater restriction of a need for a sit-stand option, *see id*. at 27, and pointed to specific evidence for the period from March 2012 through August 2014 in support of her finding that, despite the plaintiff's back and leg pain, she could engage in light work, *see id*. at 26. I find no error in her consideration of this evidence.

The plaintiff next takes issue with the inference of secondary gain from her delay in filing her disability application and her asserted financial difficulties. *See* Statement of Errors at 15. She argues that the record does not support that she had significant financial problems but that, even if it did, that is not a proper basis on which to draw such an inference. *See id*.

As the commissioner rejoins, *see* Opposition at 17-18, even accepting that the secondary gain inference was improper, it does not appear to have been a primary or material factor in the administrative law judge's credibility analysis. Instead it was one of the final factors of a number mentioned by the administrative law judge, many of which the plaintiff does not even challenge. *See* Record at 25-27; Statement of Errors at 14-15. In these circumstances, there is no reversible

error. *See, e.g., Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *2 (D. Me. Dec. 28, 2010) (rec. dec., *aff'd* Jan. 18, 2011) (even if some of administrative law judge's credibility findings are erroneous, determination is still entitled to deference if it remains supported by specific findings).

The plaintiff next contends that the record does not establish chronic noncompliance with medical treatment, asserting that the administrative law judge overlooked extenuating circumstances about which she testified at hearing. *See* Statement of Errors at 15; Record at 86-87. However, as the commissioner points out, *see* Opposition at 18, any error in failing to take into account the plaintiff's explanation for noncompliance is harmless in that, while there is some indication that she had difficulties in obtaining medications from the VA, *see, e.g.*, Record at 86-87, there is also evidence that she sometimes decided to stop taking her medications because of concerns about weight gain or because she wanted to "do a cleanse[,]" *id*. at 470, 876.

The plaintiff finally argues that remand is warranted because the administrative law judge failed to address all of the so-called *Avery* factors for assessing medical conditions that cause pain. *See* Statement of Errors at 15-16 (citing *Avery v. Secretary of Health & Human Servs*., 797 F.2d 19, 29 (1st Cir. 1986)). Yet, an administrative law judge is not required to "slavishly discuss all factors relevant to analysis of a claimant's credibility and complaints of pain in order to make a supportable credibility finding." *Vining v. Astrue*, 720 F. Supp.2d 126, 138 (D. Me. 2010). The administrative law judge identified substantial evidence in support of her credibility determination, which was all that was required. *See, e.g., Little v. Colvin*, No. 2:13-CV-365-GZS, 2014 WL 5782457, at *8 (D. Me. Nov. 6, 2014) (credibility determination "easily survive[d] the applicable, deferential standard of review" when claimant did "not challenge all relevant credibility findings" and those he challenged withstood scrutiny).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of May, 2016.

                                           /s/  John H. Rich III
                                           John H. Rich III
                                           United States Magistrate Judge