UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TAMMY M. WEBBER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | ) |
| | )   2:15-cv-00385-JDL |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
|    Defendant. | ) |

**ORDER ADOPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

This case concerns a Social Security disability appeal brought by Tammy Webber concerning the decision of an administrative law judge ("ALJ") which concluded that she is capable of performing work existing in significant numbers in the national economy. Webber's appeal was referred to the United States Magistrate Judge, who filed his Recommended Decision (ECF No. 18) with the court on May 8, 2016, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

The Magistrate Judge recommended that the ALJ's decision be vacated and remanded on the basis that the ALJ failed to address a Veterans Administration ("VA") disability ratings decision. ECF No. 18 at 2, 4-7. Webber filed a limited Objection to the Recommended Decision (ECF No. 19) on May 24, 2016, in which she argues that the Magistrate Judge failed to apply the Social Security Administration Policy set forth in its Hearings, Appeals and Litigation Law Manual ( "HALLEX"), § I-2-6-70(B), concerning medical expert testimony at Social Security hearings. ECF

No. 19 at 1-2.  The Acting Commissioner of Social Security (the "Commissioner") filed her Response to Webber's objection (ECF No. 20) on June 8, 2016.

Chapter I-2-6 of HALLEX concerns the manner in which Social Security hearings are conducted before ALJs.  *See* HALLEX I-2-6-1.  HALLEX § I-2-6-70(B) states, in pertinent part, the following:

> The [medical expert] may attend the entire hearing, but this is not required. If the [medical expert] was not present to hear pertinent testimony, such as testimony regarding the claimant's current medications or sources and types of treatment, the ALJ will summarize the testimony for the [medical expert] on the record. If additional medical evidence is received at the hearing, the ALJ will provide it to the [medical expert] for review before the [medical expert] testifies.

HALLEX I-2-6-70(B).

Webber argues that the ALJ violated this subsection by permitting the medical expert, psychologist James Claiborn, Ph.D., to testify at the hearing before she did, and then excusing him from the hearing.  ECF No. 19 at 7-15.  As a consequence, she claims, Claiborn never heard her testify, and never heard a summary of her testimony, as required by HALLEX § I-2-6-70(B).  *Id.*

In addition to citing the HALLEX requirement that "the ALJ will summarize the testimony for the [medical examiner] on the record," *id.* at 8-9 (quoting HALLEX § I-2-6-70(B)), Webber also cites the federal regulation governing evidence in Social Security disability cases, which defines "evidence" to include the claimant's testimony, *id.* at 4-5 (quoting 20 C.F.R. § 404.1512(b)).  She argues that this regulation "requires that the 'opinions expressed by medical experts or psychological experts that we consult' must be 'based on their review of the evidence in [the

2

claimant's] case record.'" *Id.* at 5 (quoting § 404.1512(b)(viii) (brackets added)). Webber thus contends that the alleged HALLEX violation, alone, entitles her to a new hearing, and that it is of no consequence whether the error was harmless. *Id.* at 14-15.

"It is an open question in this circuit whether an ALJ's failure to comply with HALLEX can *ever* constitute reversible error." *Coppola v. Colvin,* 2014 WL 677138, at *6 (D.N.H. Feb. 21, 2014) (emphasis in original). However, those courts that have concluded that an ALJ's failure to comply with HALLEX constitutes reversible error "have required a claimant to demonstrate that he or she suffered some prejudice from the ALJ's misstep before remanding." *Id.* (citing *Sibley ex rel. Sibley v. Astrue,* 2013 WL 596097, at 10 n.10 (D.N.H. Feb. 15, 2013); *Butterick v. Astrue,* 430 Fed. App'x 665, 667 & n.3 (10th Cir. 2011) (claimant not entitled to relief because "she has not established that she was prejudiced by the ALJ's failure to follow the HALLEX provisions."). Webber has failed to establish that she was prejudiced by the ALJ's alleged failure to comply with HALLEX § I-2-6-70(B), and she affirmatively argued that it is "irrelevant" whether such an error was harmless. ECF No. 19 at 13.

In light of the above, I conclude that remand is inappropriate on the basis requested by Webber. It is **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF No. 18) is hereby **ADOPTED**. The Commissioner's decision is **VACATED** and the case is **REMANDED** for further proceedings consistent with the Magistrate Judge's Recommended Decision.

SO ORDERED.

Dated this 13th day of September, 2016.

                                                              /s/ Jon D. Levy  
                                                             **U.S. DISTRICT JUDGE**